UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-21731-GAYLES

JAMES WATSON,

      Plaintiff,

v.

27 ENTREPRENEURS HOLDING LLC,
d/b/a My Ceviche,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Verified Motion for Default and Default Final Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses (the "Motion"). [ECF No. 12]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion shall be granted.

## BACKGROUND

On May 8, 2023, Plaintiff James Watson filed this action against Defendant 27 Entrepreneurs Holding LLC, d/b/a My Ceviche, alleging a claim for declaratory and injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. [ECF No. 1]. Despite proper service, Defendant failed to appear, answer, or otherwise respond to the Complaint. The Clerk entered a default on June 15, 2023. [ECF No. 8]. As a result, the Court takes the following well-pled allegations set forth in the Complaint as true.

Plaintiff is disabled within the meaning of the ADA. [ECF No. 1 ¶¶ 3-4]. Defendant owns, leases, or operates a place of public accommodation. *Id.* ¶¶ 9-11. Defendant denied Plaintiff—on

the basis of disability—full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the place of public accommodation. *Id.* ¶¶ 21-25.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. However, a "'defendant's default does not in itself warrant the court entering a default judgment.'" *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *DirecTV, Inc.*, 318 F. Supp. 2d at 1127. Because the Defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default . . .").

## ANALYSIS

The instant action is brought under Title III of the Americans with Disabilities Act. To state a claim under an ADA Title III website accessibility case, "a plaintiff must establish (1) that the plaintiff is disabled; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied the plaintiff—on the basis of disability—full and equal enjoyment of the premises." *Gomez v. Dadeland Dodge, Inc.*, No. 19-23682, 2020 WL 8919440 (S.D. Fla. April 24, 2020) (internal quotations omitted). The Court finds that, based on the well-pled allegations in the Complaint, the three essential elements are established here.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Verified Motion for Default and Default Final Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses, [ECF No. 12], is **GRANTED**.

2.     Final Default Judgment shall be entered in a separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of February, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE